(Official Form 1) (12/03)

| FORM B1 | United States Bankruptcy Court | Voluntary Petition |
|---|---|---|
| | Northern        District of        Illinois | |

| Name of Debtor (if individual, enter Last, First, Middle):<br>  TOOMER, SIBEL S. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc.Sec.No./Complete EIN or other Tax I.D. No.<br>(if more than one, state all):  9184 | Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D.No.<br>(if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>310 W. HILLSIDE AVENUE<br>ELMHURST, IL 60126 | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
| County of Residence or of the<br>Principal Place of Business: | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

## Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)

[X] Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

[ ] There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

**Type of Debtor** (Check all boxes that apply)

[X] Individual(s)          [ ] Railroad
[ ] Corporation           [ ] Stockbroker
[ ] Partnership           [ ] Commodity Broker
[ ] Other _____     [ ] Clearing Bank

**Chapter or Section of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

[X] Chapter 7        [ ] Chapter 11        [ ] Chapter 13
[ ] Chapter 9        [ ] Chapter 12
[ ] Sec. 304 - Case ancillary to foreign proceeding

**Nature of Debts** (Check one box)

[X] Consumer/Non-Business        [ ] Business

**Filing Fee** (Check one box)

[X] Full Filing Fee attached
[ ] Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3.

**Chapter 11 Small Business** (Check all boxes that apply)

[ ] Debtor is a small business as defined in 11 U.S.C. § 101
[ ] Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional)

**Statistical/Administrative Information** (Estimates only)

[ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
[X] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | [ ] | [X] | [ ] | [ ] | [ ] | [ ] |

| Estimated Assets | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|---|
| | [ ] | [ ] | [ ] | [X] | [ ] | [ ] | [ ] | [ ] |

| Estimated Debts | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|---|
| | [ ] | [ ] | [ ] | [X] | [ ] | [ ] | [ ] | [ ] |

(Official Form 1)(12/03)

**FORM B1, Page 2**

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>SIBEL S. TOOMER |
|---|---|

### Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet)

| Location<br>Where Filed: NONE | Case Number: | Date Filed: |
|---|---|---|

### Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor:<br>NONE | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

## Signatures

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor    SIBEL S. TOOMER

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

**Signature of Attorney**

X _____
Signature of Attorney for Debtor(s)

DAVID C. TOKOPH – #6192687
Printed Name of Attorney for Debtor(s)

DAVID C. TOKOPH & ASSOCIATES
Firm Name

950 N. MILWAUKEE AVENUE #330
Address GLENVIEW, IL 60025

(847)-933-9990
Telephone Number

11-10-07
Date

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
N/A
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

**Exhibit A**

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐ Exhibit A is attached and made a part of this petition.

**Exhibit B**

(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X _____  11-10-07
Signature of Attorney for Debtor(s)    Date

**Exhibit C**

Does the debtor own or have possession of any property that poses a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No

**Signature of Non-Attorney Petition Preparer**

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

N/A
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X _____

Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.

Official Form 1, Exhibit D (10/06)

## United States Bankruptcy Court
### Northern District of Illinois

IN RE:

   SIBEL S. TOOMER

Debtor(s)

Case No. _____

Chapter   7

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE
## WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Must be accompanied by a motion for determination by the court.][Summarize exigent circumstances here.]*

**If the court is satisfied with the reasons stated in your motion, it will send you an order approving your request. You must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy case and promptly file a certificate from the agency that provided the briefing, together with a copy of any debt management plan developed through the agency. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. A motion for extension must be filed within the 30-day period. Failure to fulfill these requirements may result in dismissal of your case. If the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing, your case may be dismissed.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

   ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

   ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

   ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

I certify under penalty of perjury that the information provided above is true and correct.

Signature of Debtor: _/Sibel Toomer/_

Date: _11/10/07_    SIBEL S. TOOMER

EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE

© 1993-2006 EZ-Filing, Inc [1-800-998-2424] - Forms Software Only

In re: Toomer, Sibel S.                                    Case No. _____
    XXX-XX-9184

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSB. WIFE JOINT OR COMM. | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| Husband's Single Family Home<br>168 E. Grantley<br>Elmhurst, Illinois 60126 | Co-Signor on Mortgage | J | 350,000.00 | 366,500.00 |
| Single Family Home<br>310 W. Hillside Avenue<br>Elmhurst, Illinois 60126 | Mortgage Loan | J | 320,000.00 | 360,000.00 |

TOTAL »   670,000.00

In re: Toomer, Sibel S.
   XXX-XX-9184

Case No. _____

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | DESCRIPTION AND LOCATION OF PROPERTY | HUSB. WIFE JOINT OR COMM. | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 1. Cash on hand. | Cash On Hand | W | 300.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | Chase Bank - Checking Acc. #0001110016228846 ($1,000), Savings Acc. #'s 001110027644701 ($350) & 001110616371790 ($350) Suburban Bank & Trust - Checking Acc. #7017031784 ($85) | W | 1,785.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | NONE | | 0.00 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | Used Household Goods & Furnishings | W | 2,500.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | NONE | | 0.00 |
| 6. Wearing apparel. | Misc. Clothing | W | 1,000.00 |
| 7. Furs and jewelry. | NONE | | 0.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | NONE | | 0.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | NONE | | 0.00 |
| 10. Annuities. Itemize and name each issuer. | NONE | | 0.00 |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | NONE | | 0.00 |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | NONE | | 0.00 |
| 13. Interests in partnerships or joint ventures. Itemize. | NONE | | 0.00 |
| 14. Government and corporate bonds and other negotiable and non-negotiable instruments. | NONE | | 0.00 |
| 15. Accounts Receivable. | NONE | | 0.00 |
| 16. Alimony, maintenance, support and property settlements to which the debtor is or may be entitled. Give particulars. | NONE | | 0.00 |
| 17. Other liquidated debts owing debtor including tax refunds. Give details. | NONE | | 0.00 |

In re: Toomer, Sibel S.                              Case No. _____
     XXX-XX-9184

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | DESCRIPTION AND LOCATION OF PROPERTY | HUSB. WIFE JOINT OR COMM. | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in the Schedule of Real Property. | NONE | | 0.00 |
| 19. Contingent and non-contingent interest in estate of a decedent, death benefit plan, life insurance policy, or trust. | NONE | | 0.00 |
| 20. Other contingent and unliquidated claims of any nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | NONE | | 0.00 |
| 21. Patents, copyrights, and other intellectual property. Give estimated value of each. | NONE | | 0.00 |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | NONE | | 0.00 |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | 2003 BMW - 745 LI | W | 30,000.00 |
| 24. Boats, motors, and accessories. | NONE | | 0.00 |
| 25. Aircraft and accessories. | NONE | | 0.00 |
| 26. Office equipment, furnishings, and supplies. | NONE | | 0.00 |
| 27. Machinery, fixtures, equipment, and supplies. | NONE | | 0.00 |
| 28. Inventory. | NONE | | 0.00 |
| 29. Animals. | NONE | | 0.00 |
| 30. Crops - growing or harvested. Give particulars. | NONE | | 0.00 |
| 31. Farming equipment and implements. | NONE | | 0.00 |
| 32. Farm supplies, chemicals, and feed. | NONE | | 0.00 |
| 33. Other personal property of any kind not already listed. Itemize. | NONE | | 0.00 |

TOTAL »       35,585.00

In re: Toomer, Sibel S.                                    Case No. _____
       XXX-XX-9184

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemption to which debtor is entitled under:

[ ] 11 U.S.C. § 522(b)(1)   Exemptions provided in 11 U.S.C. § 522(d). Note: These exemptions are available only in
                            certain states.

[X] 11 U.S.C. § 522(b)(2)   Exemptions available under applicable nonbankruptcy federal laws, state or local law where
                            the debtor's domicile has been located for the 180 days immediately preceding the filing
                            of the petition, or for a longer portion of the 180-day period than in any other place,
                            and the debtor's interest as a tenant by the entirety or joint tenant to the extent the
                            interest is exempt from process under applicable nonbankruptcy law.

| DESCRIPTION OF PROPERTY | SPECIFIC LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| 2003 BMW - 745 LI | 735 ILCS 5/12-1001(c) | 2,400.00 | 30,000.00 |
| Chase Bank - Checking Acc. #0001110016228846 ($1,000), Savings Acc. #'s 001110027644701 ($350) & 001110616371790 ($350) Suburban Bank & Trust - Checking Acc. #7017031784 ($85) | 735 ILCS 5/12-1001(b) | 1,785.00 | 1,785.00 |
| Husband's Single Family Home 168 E. Grantley Elmhurst, Illinois 60126 | 735 ILCS 5/12-901 | 0.00 | 350,000.00 |
| Misc. Clothing | 735 ILCS 5/12-1001(a),(e) | 1,000.00 | 1,000.00 |
| Single Family Home 310 W. Hillside Avenue Elmhurst, Illinois 60126 | 735 ILCS 5/12-901 | 15,000.00 | 320,000.00 |
| Used Household Goods & Furnishings | 735 ILCS 5/12-1001(b) | 2,500.00 | 2,500.00 |

# TOTALS BY EXEMPTION LAW

| EXEMPTION LAW | HUSBAND | WIFE | JOINT | COMMUNITY | EXEMPTION TOTAL | MARKET VALUE TOTAL |
|---|---|---|---|---|---|---|
| 735 ILCS 5/12-1001(a),(e) | 0.00 | 1,000.00 | 0.00 | 0.00 | 1,000.00 | 1,000.00 |
| 735 ILCS 5/12-1001(b) | 0.00 | 4,285.00 | 0.00 | 0.00 | 4,285.00 | 4,285.00 |
| 735 ILCS 5/12-1001(c) | 0.00 | 2,400.00 | 0.00 | 0.00 | 2,400.00 | 30,000.00 |
| 735 ILCS 5/12-901 | 0.00 | 0.00 | 15,000.00 | 0.00 | 15,000.00 | 670,000.00 |

In re: Toomer, Sibel S.
XXX-XX-9184

Case No. _____

# Schedule D - Creditors Holding Secured Claims

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | HUSBAND WIFE JOINT OR COMMUN. | CLAIM DATE, NATURE OF LIEN, DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|
| ACCOUNT NO. 2001643477<br><br>CitiMortgage<br>POB 9438 Dept 0251<br>Gaithersburg, MD 20898-9438 | YES | J | 2002<br>1st Mortgage Loan<br><br>Husband's Single Family Home<br>168 E. Grantley<br>Elmhurst, IL 60126<br><br>VALUE $   360,000.00 | CONT UNLQD | 316,500.00 | 0.00 |
| ACCOUNT NO. 0359434357<br><br>GMAC Mortgage Company<br>POB 9001719<br>Louisville, KY 40290-1719 | NO | W | 2nd Mortgage Loan<br><br>Single Family Home<br>310 W. Hillside Avenue<br>Elmhurst, IL 60126<br><br>VALUE $      0.00 | UNLQD | 40,000.00 | 40,000.00 |
| ACCOUNT NO. 0010526176<br><br>HSBC<br>POB 17580<br>Baltimore, MD 21297-1580 | NO | W | 1st Mortgage Loan<br><br>Single Family Home<br>310 W. Hillside Avenue<br>Elmhurst, IL 60126<br><br>VALUE $   320,000.00 | UNLQD | 320,000.00 | 0.00 |
| ACCOUNT NO. 2007 CH 001538<br><br>Hauselman, Rappin & Olswang, Ltd.<br>39 S. LaSalle Street, Suite 1105<br>Chicago, IL 60603 | NO | J | 2007<br>Foreclosure<br>Lawsuit DuPage #07<br>CH 1538<br><br>Foreclosure attorneys for<br>CitiMortgage, Inc. Husband's<br>Home<br><br>VALUE $      0.00 | CONT UNLQD<br><br>DISP | 0.00 | 0.00 |
| ACCOUNT NO.<br><br>JP Morgan Chase Bank N.A.<br>194 Wood Avenue South<br>Iselin, NJ 08330 | YES | J | 2nd Mortgage Loan<br><br>Husband's Single Family Home<br>168 E. Grantley<br>Elmhurst, IL 60126<br><br>VALUE $      0.00 | CONT UNLQD<br>DISP | 50,000.00 | 50,000.00 |
| ACCOUNT NO. 472376-01<br><br>Patelco Credit Union<br>156 Second Street<br>San Francisco, CA 94105 | NO | W | 2004<br>Car Loan<br><br>2003 BMW - 745 LI<br><br>VALUE $    30,000.00 | UNLQD | 45,000.00 | 15,000.00 |

Subtotal»   771,500.00
(Total of this page)

TOTAL »   771,500.00

In re: Toomer, Sibel S.
XXX-XX-9184

Case No. _____

# Schedule E - Creditors Holding Unsecured Priority Claims

[X] Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

# Types of Priority

## [ ] Extensions of credit in an involuntary case

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

## [ ] Wages, salaries, and commissions

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives, up to a maximum of $4000* per person, earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

## [ ] Contributions to employee benefit plans

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

## [ ] Certain farmers and fishermen

Claims of certain farmers and fishermen, up to a maximum of $4000* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

## [ ] Deposits by individuals

Claims of individuals up to a maximum of $1800* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(6).

## [ ] Alimony, Maintenance, or Support

Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507(a)(7).

## [ ] Taxes and Other Certain Debts Owed to Governmental Units

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

## [ ] Commitments to Maintain the Capital of an Insured Depository Institution

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

## [ ] Other Priority Debts

In re: Toomer, Sibel S.                                                    Case No. _____
XXX-XX-9184

# Schedule F - Creditors Holding Unsecured Nonpriority Claims

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | HUSBAND WIFE JOINT OR COMMUN. | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| ACCOUNT NO. 5187480220554255<br><br>Alliance One<br>4850 Street Road, Suite 300<br>Trevose, PA 19053 | NO | | Collections for Chase Card Services | | 0.00 |
| ACCOUNT NO. 749 75482 6056 01<br><br>Bank Of America<br>POB 15102<br>Wilmington, DE 19886-5102 | NO | | Consumer Credit | | 49,250.00 |
| ACCOUNT NO. 4246 3151 3113 3751<br><br>Chase Bank<br>Cardmember Service<br>POB 15153<br>Wilmington, DE 19886-5153 | NO | J | Consumer Credit<br>Other Account #s:<br>4266-8410-9105-3320 and<br>5187-4802-2055-4255 | UNLIQUIDATED | 28,375.00 |
| ACCOUNT NO. 6011 2986 1197 0983<br><br>Discover Card<br>POB 30395<br>Salt Lake City, UT 84130-0395 | NO | | Consumer Credit | | 7,350.00 |
| ACCOUNT NO. E00001342207<br><br>Elmhurst Memorial Hospital<br>75 Remittance Drive, Suite 6383<br>Chicago, IL 60675-6383 | NO | J | Claim is Subject to Setoff<br><br>Medical Services | DISPUTED | 34.00 |
| ACCOUNT NO. 40996784<br><br>Ford Motor Credit<br>POB 105697<br>Atlanta, GA 30348-5697 | NO | J | Claim is Subject to Setoff<br><br>Co-signer on 2005 Lincoln Town Car | CONTINGENT UNLIQUIDATED DISPUTED | 26,000.00 |
| ACCOUNT NO. 49120793<br><br>Grand Victoria Casino<br>c/o Certegy Payment Recovery Services<br>Claims Accounting<br>POB 30272<br>Tampa, FL 33630-3272 | NO | J | NSF Check No.'s 1126, 1127, 1128, 1129<br>Other Claim No.'s<br>49120790, 49120791, 49120792 | UNLIQUIDATED | 2,100.00 |

Subtotal »   113,109.00
(Total of this page)

In re: Toomer, Sibel S.                                              Case No. _____
       XXX-XX-9184

# Schedule F - Creditors Holding Unsecured Nonpriority Claims

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE | CO- DEBTOR | HUSBAND WIFE JOINT OR COMMUN. | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| ACCOUNT NO. 522571100504<br><br>Great Lakes Credit Union<br>1425 Tri State Pkwy, Suite 100<br>Gurnee, IL 60031-9120 | NO | | Claim is Subject to Setoff<br><br>Consumer Credit | UNLIQUIDATED DISPUTED | 5,000.00 |
| ACCOUNT NO. 39072343903844<br><br>Harrahs Joliet Casino Qcp<br>c/o TRS Recovery Services, Inc.<br>POB 60022<br>City Of Industry, CA 91716-0022 | NO | J | NSF Check No. 1122 | CONTINGENT UNLIQUIDATED | 525.00 |
| ACCOUNT NO. 39072263902711<br><br>Hollywood Casino Aurora Ab<br>c/o TRS Recovery Services, Inc.<br>POB 60022<br>City Of Industry, CA 91716-0022 | NO | J | NSF Check No. 1121 | CONTINGENT UNLIQUIDATED | 525.00 |
| ACCOUNT NO. 16709965<br><br>Hollywood Video<br>c/o Credit Collection Service<br>POB 9133<br>Needham, MA 02494-9133 | NO | | Consumer Credit | | 99.00 |
| ACCOUNT NO. 4266 3800 1215 6466<br><br>Nordstrom Bank<br>POB 79137<br>Phoenix, AZ 85062-9137 | NO | | Consumer Credit | | 6,000.00 |
| ACCOUNT NO. 472376-02<br><br>Patelco Credit Union<br>156 Second Street<br>San Francisco, CA 94104 | NO | | Personal Loan | UNLIQUIDATED DISPUTED | 4,600.00 |
| ACCOUNT NO. 472376-35<br><br>Patelco Credit Union<br>156 Second Street<br>San Francisco, CA 94105 | NO | | Claim is Subject to Setoff<br><br>Consumer Credit | CONTINGENT UNLIQUIDATED DISPUTED | 25,900.00 |

Subtotal »      42,649.00
(Total of this page)

In re: Toomer, Sibel S.                                          Case No. _____
    XXX-XX-9184

# Schedule F - Creditors Holding Unsecured Nonpriority Claims

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | HUSBAND WIFE JOINT OR COMMUN. | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| ACCOUNT NO. 89438<br><br>Souma Diagnostics, Ltd.<br>POB 11690<br>Chicago, IL 60611-1690 | NO | | **Medical Services** | UNLIQUIDATED | 268.00 |

|  |  |
|---|---|
| Subtotal » <br> (Total of this page) | 268.00 |
| TOTAL » | 156,026.00 |

In re: Toomer, Sibel S.                                          Case No. _____
        XXX-XX-9184

# Schedule G - Executory Contracts and Unexpired Leases

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
|---|---|
| NONE | |

In re: Toomer, Sibel S.                                    Case No. _____
       XXX-XX-9184

# SCHEDULE H - CODEBTORS

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| Richard V. Toomer, Jr.<br>168 E. Grantley<br>Elmhurst, IL 60126 | CitiMortgage<br>POB 9438 Dept 0251<br>Gaithersburg, MD 20898-9438 |
| Richard V. Toomer<br>168 E. Grantley<br>Elmhurst, IL 60126 | JP Morgan Chase Bank N.A.<br>194 Wood Avenue South<br>Iselin, NJ 08330 |

In re: Toomer, Sibel S.                                    Case No. _____
    XXX-XX-9184

# Schedule I - Current Income of Individual Debtor(s)

| Debtor's Marital Status: **Separated** | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| Debtor's Age:  49<br>Spouse's Age: | NAMES<br>**Seval Sert**<br>**Vivian S. Toomer** | AGE<br>67<br>21 | RELATIONSHIP<br>**Elderly Mother**<br>**Student Daughter** |
| EMPLOYMENT: | DEBTOR | | SPOUSE |
| Occupation | **Pharmacist** | | |
| How long employed | **1 year** | | |
| Name and Address of Employer | **CVS Pharmacy** | | |

Income: (Estimate of average monthly income)                     DEBTOR              SPOUSE

| | | DEBTOR | SPOUSE |
|---|---|---|---|
| Current monthly gross wages, salary, and commissions (pro rate if not paid monthly) | $ | 8,860.00 | $ |
| Estimated monthly overtime | $ | 1,040.00 | $ |
| SUBTOTAL | $ | 9,900.00 | $ |
| LESS PAYROLL DEDUCTIONS | | | |
| a.) Payroll taxes and social security | $ | 2,744.00 | $ |
| b.) Insurance | $ | 224.00 | $ |
| c.) Union dues | $ | 125.00 | $ |
| d.) Other (**Long/ShortTerm Disability**) | $ | 64.00 | $ |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 3,157.00 | $ |
| TOTAL NET MONTHLY TAKE HOME PAY | $ | 6,743.00 | $ |
| Regular income from operation of business, profession or farm (attach detailed statement) | $ | 0.00 | $ |
| Income from real property | $ | 0.00 | $ |
| Interest and dividends | $ | 0.00 | $ |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ | 0.00 | $ |
| Social security or other government assistance (Specify) | $ | 0.00 | $ |
| Pension or retirement income | $ | 0.00 | $ |
| Other monthly income (Specify) | $ | 0.00 | $ |
| TOTAL MONTHLY INCOME | $ | 6,743.00 | $ |

TOTAL COMBINED MONTHLY INCOME     $     6,743.00

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

        **NONE**

In re: Toomer, Sibel S.                                    Case No. _____
xxx-xx-9184

# Schedule J - Current Expenditures of Individual Debtor(s)

[ ] Check this box if a joint petition is filed and debtor's spouse maintains a separate household.
    Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| Rent or home mortgage payment (include lot rented for mobile home) | $ | 3,645.00 |
| Are real estate taxes included?    [X] Yes    [ ] No | | |
| Is property insurance included?    [X] Yes    [ ] No | | |
| Utilities:    Electricity and heating fuel | $ | 300.00 |
| Water and sewer | $ | 65.00 |
| Telephone | $ | 150.00 |
| Other:        **Cable** | $ | 70.00 |
| Home Maintenance (Repairs and upkeep) | $ | 200.00 |
| Food | $ | 400.00 |
| Clothing | $ | 200.00 |
| Laundry and dry cleaning | $ | 50.00 |
| Medical and dental expenses | $ | 100.00 |
| Transportation (not including car payments) | $ | 400.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 200.00 |
| Charitable contributions | $ | 25.00 |
| Insurance (not deducted from wages or included in home mortgage payments): | | |
| Homeowner's or renter's | $ | 0.00 |
| Life | $ | 0.00 |
| Health | $ | 0.00 |
| Auto | $ | 230.00 |
| Other: | $ | 0.00 |
| Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) | $ | 0.00 |
| Installment payments (In chapter 12 & 13 cases, do not list payments to be included in the plan) | | |
| Auto | $ | 1,100.00 |
| Other: | $ | 0.00 |
| Alimony, maintenance, and support paid to others | $ | 0.00 |
| Payments for support of additional dependents not living at your home | $ | 300.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed stmt) | $ | 0.00 |
| Other: | $ | 0.00 |
| TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | $ | 7,435.00 |

(FOR CHAPTER 12 and 13 DEBTORS ONLY)
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.
A. Total projected monthly income
B. Total projected monthly expenses
C. Excess income (A minus B)
D. Total amount to be paid into plan each

# UNITED STATES BANKRUPTCY COURT

### Northern District
### Eastern Division

In re: Toomer, Sibel S.
    XXX-XX-9184

Case No. _____
Chapter  7

# SUMMARY OF SCHEDULES

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NUMBER OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | 670,000.00 | | |
| B - Personal Property | YES | 2 | 35,585.00 | | |
| C - Property Claimed As Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | 771,500.00 | |
| E - Creditors Holding Unsecured Priority Claims | YES | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 3 | | 156,026.00 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | 6,743.00 |
| J - Current Expenditures of Individual Debtor(s) | YES | 1 | | | 7,435.00 |
| Total Number of sheets in ALL Schedules » | | 13 | | | |
| Total Assets » | | | 705,585.00 | | |
| Total Liabilities » | | | | 927,526.00 | |

Official Form 6 - Statistical Summary (10/06)

**United States Bankruptcy Court**

**District of Colorado**

IN RE: _Toomer, Sieben J._
_____
Debtor(s)

Case No. _____

Chapter _____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ 0 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) (whether disputed or undisputed) | $ 0 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) | $ 0 |
| Student Loan Obligations (from Schedule F) | $ 0 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ 0 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ 0 |
| **TOTAL** | $ 0 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $ |
| Average Expenses (from Schedule J, Line 18) | $ 7435.00 |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $ 93.00 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ 0 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ 0 |
| 4. Total from Schedule F | | $ |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ |

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

In re: Toomer, Sibel S.
    XXX-XX-9184

Case No. _____
Chapter  7

# Declaration Concerning Debtor's Schedules

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

    I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of    13 sheets plus the summary page, and that they are true and correct to the best of my knowledge, information and belief.

Date  _11 /10 /07___

Signature _____

                    Sibel S. Toomer

---------------------------------------------------------------------------------

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF CORPORATION OR PARTNERSHIP

**(NOT APPLICABLE)**

Penalty for making a false statement or concealing property. Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C § 152 and 3571.

UNITED STATES BANKRUPTCY COURT

Northern District
Eastern Division

In re: Toomer, Sibel S.
    XXX-XX-9184

Case No. _____
Chapter  7

# FORM 7. STATEMENT OF FINANCIAL AFFAIRS

## 1. Income from employment or operation of business

None
[ ]

    State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| 101,605.00 | Employment | 2005 |
| 124,696.00 | Employment | 2006 |
| 81,636.00 | Employment | 2007 |

## 2. Income other than from employment or operation of business

None
[X]

    State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 3. Payments to creditors

None
[X]

    a.   List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
[X]

    b.   List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 4. Suits and administrative proceedings, executions, garnishments and attachments

None
[ ]

a.    List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| CitiMortgage v. Toomer et.al.<br>2007 CH 001538 | Foreclosure | Eighteenth Judicial Circuit DuPage County | Pending |

None
[X]

b.    Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 5. Repossessions, foreclosures and returns

None
[X]

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 6. Assignments and receiverships

None
[X]

a.    Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
[X]

b.    List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 7. Gifts

None
[X]

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 8. Losses

None
[ ]

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|
| **Twenty Thousand Dollars** | **Gambling loss in casino's Not covered by insurance** | **Past 10 months** |

## 9. Payments related to debt counseling or bankruptcy

None
[X]

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

## 10. Other transfers

None
[X]

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 11. Closed financial accounts

None
[ ]

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE AND NUMBER OF ACCOUNT AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| **CVS 401k Plan** | **401k - $40,000.00** | **$40,000.00 - Closed in 02/07** |
| **Fidelity** | **Stocks - $15,000.00** | **$15,000.00 - Closed in 06/07** |

## 12. Safe deposit boxes

None
[X]

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 13. Setoffs

None
[X]

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
[X]

## 14. Property held for another person

List all property owned by another person that the debtor holds or controls.

None
[X]

## 15. Prior address of debtor

If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date ___11 /10 /07___          Signature _____
                                                    Sibel S. Toomer

## UNITED STATES BANKRUPTCY COURT

### Northern District
### Eastern Division

In re: Toomer, Sibel S.
    XXX-XX-9184

Case No. _____
Chapter  7

## STATEMENT OF ATTORNEY FOR PETITIONER
## PURSUANT TO BANKRUPTCY RULE 2016(b)

The undersigned, pursuant to Rule 2016(b), Bankruptcy Rules, states that:

(1) The undersigned is the attorney for the debtor(s) in this case.

(2) The compensation paid or agreed to be paid by the debtor(s) to the undersigned is:

    (a) for legal services rendered or to be rendered in contemplation of and in connection with this case     $_____ 1,950.00

    (b) prior to filing this statement, debtor(s) have paid     $_____ 1,950.00

    (c) the unpaid balance due and payable is     $_____ 0.00

(3) $_____ 299.00 of the filing fee in this case has been paid.

(4) The services rendered or to be rendered include the following:

    (a) Analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to file a petition under Title 11, United States Code.

    (b) Preparation and filing of the petition, schedules of assets and liabilities, statement of affairs, and other documents required by the court.

    (c) Representation of the debtor(s) at the first meeting of creditors.

(5) The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for services performed, and *

    **NONE**

(6) The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will be from earnings, wages and compensation for services performed, and

    **NONE**

(7) The undersigned have not shared or agreed to share, with any other person, other than with members of their law firm or corporation, any compensation paid or to be paid except as follows:

    **NONE**

Dated: _11-10-07_

_____
Attorney for Debtor(s)

* If a fee is paid by transfer of property or if security is taken, give details here and in appropriate section of Schedules or Statement of Affairs.

## UNITED STATES BANKRUPTCY COURT

### Northern District
### Eastern Division

In re: Toomer, Sibel S.                                    Case No. _____
    XXX-XX-9184                                    Chapter  7

# Chapter 7 Individual Debtor's Statement of Intention

1.  I, the debtor, have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.

2.  My intention with respect to the property of the estate which secures those consumer debts is as follows:

| A.  Property to Be Surrendered. | |
|---|---|
| Description of Property | Creditor's name |
| **1. Foreclosure attorneys for CitiMortgage, Inc. Husband's Home** | **Hauselman, Rappin & Olswang, Ltd.** |
| **2. Husband's Single Family Home 168 E. Grantley Elmhurst, IL 60126** | **CitiMortgage** |
| **3. Husband's Single Family Home 168 E. Grantley Elmhurst, IL 60126** | **JP Morgan Chase Bank N.A.** |

| B.  Property to Be Retained. | | | | |
|---|---|---|---|---|
| Description of property | Creditor's name | Debt will be reaffirmed pursuant to §524(c) | Property is claimed as exempt and will be redeemed pursuant to §722 | Lien will be avoided pursuant to §522(f) and property will be claimed as exempt |
| **1. 2003 BMW - 745 LI** | **Patelco Credit Union** | X | | |
| **2. Single Family Home 310 W. Hillside Avenue Elmhurst, IL 60126** | **HSBC** | X | | |
| **3. Single Family Home 310 W. Hillside Avenue Elmhurst, IL 60126** | **GMAC Mortgage Company** | X | | |

3. I understand that § 521(2)(B) of the Bankruptcy Code requires that I perform the above stated intention within 45 days of the filing of this statement with the court, or within such additional time as the court, for cause, within such 45-day period fixes.

Dated: ___11_/_10_/_07___                    Signed: _____
                                                        Sibel S. Toomer

B 201

B 201 (04/09/06)

# UNITED STATES BANKRUPTCY COURT

# NOTICE TO INDIVIDUAL CONSUMER DEBTOR UNDER § 342(b) OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case. You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

## 1. Services Available from Credit Counseling Agencies

With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis. The briefing must be given within 180 days before the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.

In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge. The clerk also has a list of approved financial management instructional courses.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

**Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)**

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

2. Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

**Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)**

1. Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2. Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

3. After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11:  Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)
Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12:  Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)
Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3.  Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

## Certificate of [Non-Attorney] Bankruptcy Petition Preparer
I, the [non-attorney] bankruptcy petition preparer signing the debtor's petition, hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code.

_____
Printed name and title, if any, of Bankruptcy Petition Preparer

Address:

_____

X_____
Signature of Bankruptcy Petition Preparer or officer,
principal, responsible person, or partner whose Social
Security number is provided above.

Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person, or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

## Certificate of the Debtor
I (We), the debtor(s) affirm that I (we) have received and read this notice.

SIBEL S. TOOMER
_____
Printed Name(s) of Debtor(s)

Case No. (if known) _____

X _____  11/10/07
Signature of Debtor                    Date
SIBEL S. TOOMER

X _____
Signature of Joint Debtor (if any)    Date